# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 14-60563
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

July 2, 2015

Lyle W. Cayce
Clerk

EMERSON OSBORNE,

Petitioner-Appellant

v.

RONALD KING,

Respondent-Appellee

Appeals from the United States District Court
for the Northern District of Mississippi
USDC No. 2:12-CV-55

Before SMITH, WIENER, and ELROD, Circuit Judges.

PER CURIAM:[*]

Emerson Osborne appeals the denial of his 28 U.S.C. § 2254 application, wherein he sought to challenge his conviction of capital murder. The district court granted Osborne a certificate of appealability on the issue of whether the trial court erred in denying a motion for mistrial based on allegations of juror bias. Osborne argues that a juror made an inflammatory statement in front of

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

other prospective jurors.   He contends that this statement indicated a predisposition towards conviction.

On habeas review, this court reviews the district court's findings of fact for clear error and its legal conclusions de novo.  *Summers v. Dretke*, 431 F.3d 861, 868 (5th Cir. 2005).  When, as in this case, the petitioner's claim has been adjudicated on the merits by the state court, the Antiterrorism and Effective Death Penalty Act (AEDPA) requires that the federal court's review of the state court's decision be deferential.  *Id.*; *see* § 2254(d).  Under § 2254(d)'s deferential standard, federal habeas relief cannot be granted unless the state court's adjudication either "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the Supreme Court" or "resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding."  *Summers*, 431 F.3d at 868 (internal quotation marks and citation omitted).  Factual findings by the state court are presumed to be correct, and a petitioner has the burden of rebutting this presumption with clear and convincing evidence.  *Id.*

To obtain relief on a claim that a venire member concealed information, a party must show both that a juror failed to answer honestly a material question on voir dire and that a correct response would have provided a valid basis for a challenge for cause.  *McDonough Power Equip., Inc. v. Greenwood*, 464 U.S. 548, 556 (1984) (civil case); *accord Montoya v. Scott*, 65 F.3d 405, 418-19 (5th Cir. 1995) (accepting, arguendo, that a *McDonough Power Equpment* theory of juror bias would be sufficient to obtain federal habeas relief).  "Even when a juror's non-disclosure is dishonest . . ., his behavior is not a basis for reversal unless the dishonesty appears to be rooted in bias or prejudice."

No. 14-60563

*United States v. Bishop*, 264 F.3d 535, 555 (5th Cir. 2001) (direct criminal appeal).

The only evidence of potential bias came from a former prospective juror. However, that prospective juror was unable to state whether the comment was an expression of frustration or an actual representation of the juror's feelings regarding the case. The juror could not remember making the statement but acknowledged that she was frustrated with having to be at jury duty. She affirmed that her voir dire answers were truthful and that she had no preconceived opinions regarding guilty or the penalty.

Osborne has not made a showing that Pitts concealed information or inaccurately answered voir dire questions. *See McDonough Power Equip.*, 464 U.S. at 556. As such, he has not rebutted the presumption of correctness that applies to the trial court's factual findings regarding Pitts's impartiality. *See Summers*, 431 F.3d at 868.

Osborne has not demonstrated that the district court erred in determining that he was not entitled to federal habeas relief on his claim. Accordingly, the judgment is AFFIRMED.